# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DORE' ENERGY CORP | : | DOCKET NO. 05-1657 |
| VS. | : | JUDGE MINALDI |
| PROSPECTIVE INVESTMENT & TRADING CO. LTD, ET AL. | : | MAGISTRATE JUDGE WILSON |

## ORDER

The above-captioned matter was filed in federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*.

In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*. Simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *See, Getty, supra*; *see also, Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

Here, the complaint does not affirmatively allege defendants' principal places of business. (Petition, ¶ 2). Accordingly, within 11 days from today, plaintiff is granted leave of court to file an amended complaint which establishes diversity jurisdiction. *See*, 28 U.S.C. §1653. If

plaintiff fails to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE