RECEIVED
IN LAKE CHARLES, LA

JAN - 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DORÉ ENERGY CORPORATION | : | DOCKET NO. 2:05 CV 1657 |
| VS. | : | JUDGE MINALDI |
| THE PROSPECTIVE INVESTMENT & TRADING COMPANY, LTD. and ATLANTIC AND GULF PETROLEUM COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss For Failure to Join Indispensable Parties under

Federal Rule of Civil Procedure 12(b)(7) [doc. 74], filed by the defendants ("Prospective"). Doré

filed a Motion in Opposition to Prospective's Motion to Dismiss [doc. 85]. Prospective filed a

Reply [doc. 92]. Doré obtained leave of court to file an Exhibit in Opposition to Prospective's

Motion [doc. 117].

## BACKGROUND

This court recently granted plaintiff Doré's Motion for Partial Summary Judgment, which

essentially enforced the parties' own Settlement Agreement.[1] In the Settlement Agreement,

which was executed in 2002, the parties agreed that in three years Prospective would release all

acreage within the Retained Area that was not in "producing units."[2] This court first found that a

---

[1] Mem. Ruling (Sept. 17, 2007) [doc. 72]. The Memorandum Ruling sets forth the facts underlying the dispute.

[2] Pl.'s Ex. 4 ("Settlement Agreement").

contract between parties is law.[3] The court next found that the Settlement Agreement was unambiguous, and thus would interpret the Settlement Agreement by giving technical words a generally understood meaning within the oil and gas industry.[4] Next, the court interpreted "producing units" as it is generally understood in the oil and gas context–as the actual production of minerals in paying quantities in units formed by convention or order of a federal or state agency.[5] Thus, this court found that the only producing unit on January 28, 2005 was the Planulina 1 Sand Reservoir A Unit, and therefore ordered the release of the remainder of the land and the cancellation of the Lease, in accordance with the Settlement Agreement.[6]

## LAW

### Rule 12(b)(7)

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may make a motion for failure to join an indispensable party under Federal Rule of Civil Procedure 19 as a defense at any pleading permitted under Rule 7(a),[7] or by motion for judgment on the pleadings, or at the trial on the merits. FED. R. CIV. P. 12(h)(1). Although Rule 12(h)(2) permits parties to preserve the defense of failure to join an indispensable party until the close of a trial on the merits, many courts find that the absence of an indispensable party is such a significant defect that this defense

---

[3] Mem. Ruling (Sept. 17, 2007) [doc. 72].

[4] *Id.*

[5] *Id.*

[6] Judgment on Mot. for Partial Summary Judgment (Sept. 17, 2007) [doc. 73].

[7] These pleadings include the complaint, the answer, and any replies. FED. R. CIV. P. 7(a).

may be raised for the first time even after trial to the trial court or on appeal. *See, e.g.*, 5C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 1998). Rule 12(b)(7) motions to dismiss "should be made early in the proceedings," and when not made in a responsive pleading, the court should "in equity and good conscience consider the timing of the motion, and the reason for the delay in weighing prejudice to the moving party." *Ilan-Gat Engineers v. Antigua Int. Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981). The burden of proof is on the party moving under Rule 12(b)(7) to "show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3d ed. 1998).

The Fifth Circuit also takes the approach that the failure to join an indispensable party should be timely raised. *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 434 (5th Cir. 1992). In *Judwin*, the plaintiff waited until appeal to the Fifth Circuit to raise the issue of indispensable parties, although the court observed that as the plaintiff, Judwin had the ability to choose which parties to sue. *Id.* Further, the court noted that Judwin had notice of indispensable parties long before appealing to the Fifth Circuit from the defendant's answer, which raised the issue of Judwin's failure to join. *Id.* The Fifth Circuit also cautioned that waiting until an unfavorable ruling to raise a Rule 12(b)(7) motion is an "offensive use" of Rule 19. *Id.*

### Rule 19

Under Federal Rule 19(a), a party is necessary in two situations. First, a party is necessary only if "in the person's absence complete relief cannot be accorded among those

3

already parties." FED. R. CIV. P. 19(a)(1).  Rule 19(a)(1) focuses on whether relief can be

afforded to the existing parties in the absence of the party in dispute. *Schweyer Import-*

*Schnittholz GMBH v. Genesis Capital Fund, LP*, 220 F.R.D. 582, 586 (S.D. Iowa 2004).  When

the underlying dispute is a contract action, all parties to the contract are generally indispensable.

*Harris Trust & Saving Bank v. Energy Assets Int'l.*, 124 F.R.D. 115, 117 (E.D. La. 1989).

Second, a party is also necessary when the absent party claims a legally protected interest

in the action. FED. R. CIV. P. 19(a)(2).  Rule 19(a)(2) focuses on the effects the litigation would

have on the absent party. *Schweyer*, 220 F.R.D. at 586.  Rule 19(a)(2) only applies when the

absent party asserts the interest. *See U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (noting

that it is not enough for a legally protected interest to exist, but that the absent party must actually

assert that interest).

Pursuant to FED. R. CIV. P. 19(b), if a party listed in Rule 19(a) cannot be made a party,

the court must determine "whether in equity and good conscience the action should proceed

among the parties before it, or should be dismissed, the absent person being thus as

indispensable." The court considers:

> [f]irst, to what extent a judgment rendered in the party's absence might be prejudicial
> to the person or those already parties; second, the extent to which, by protective
> provisions in the judgment, by the shaping of relief, or other measures, the prejudice
> can be lessened or avoided; third, whether a judgment rendered in the person's
> absence will be adequate; fourth, whether the plaintiff will have an adequate remedy
> if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b).  The party asserting the Rule 19 motion bears the burden of proof to

establish that the parties are indispensable, and that the absent parties are unable to protect their

interests. *Ferrofluidics Corp. v. Advanced Vacuum Components*, 789 F. Supp. 1201, 1208

4

(D.N.H. 1992).

## ARGUMENTS

### Prospective's Arguments

Prospective filed this motion on October 1, 2007, after this court denied Prospective's

Motion for Summary Judgment.[8]  Prospective argues that although Prospective is the successor-

in-interest to the original lessee of the Henshaw Lease and the current operator with respect to

that lease, there are other parties on the lessee side of the Lease who have an interest in the

Lease.[9]  In support of its motion, Prospective attached an affidavit by Adam Singer, the

President of Prospective.[10]  This affidavit states that there are various interests derivative of

Prospective's interest in the Henshaw Lease owned by individuals and corporate entities outside

of the named defendants.[11]  Attachment B identifies thirty (30) alleged overriding royalty interest

owners[12] with Louisiana addresses.  Further, Mr. Singer states that at least thirteen (13)

individuals and two (2) corporations have their domicile or principally reside in Louisiana.[13]  Mr.

Singer also states that production from the Henshaw Lease continues to be sold, and the amount

---

[8] Def.'s Mem. in Support of Mot. to Dismiss for Failure to Join Indispensable Parties [doc. 74].

[9] Def.'s Mem. in Support of Mot. to Reconsider Partial Summary Judgment Order and Alternative Mot. to Certify Orders for Appeal Pursuant to 28 U.S.C. § 1292(b) [doc. 75], at 5.

[10] Def.'s Ex. A (Singer Aff.)

[11] *Id.*

[12] An overriding royalty is an assignment by a lessee of a right to receive a share of production revenues from a lease.  LA. REV. STAT. ANN. § 31.126.

[13] Def.'s Ex. A (Singer Aff.)

paid to the overriding royalty interest holders since January 28, 2005 exceeds $1.4 million.[14]

Prospective cites several cases for the proposition that when the issue before the court involves the cancellation of a mineral lease, the working interest owners and royalty interest owners are indispensable parties. *See, e.g., Holland v. Questar Exploration & Production Co.*, 2006 WL 461127 (W.D. La. 2006) (Not reported in F. Supp.2d). Prospective argues that because this court terminated the Lease without these other lessees being parties, this court's judgment must be vacated. Moreover, Prospective argues that the royalty owners cannot all be joined without destroying diversity jurisdiction. Accordingly, Prospective requests that this court vacate the partial summary judgment order because the overriding royalty owners are indispensable parties under Federal Rule of Civil Procedure 19, in whose absence cancellation or termination of the lease cannot be ordered.

### Doré's Arguments

First, Doré argues that Prospective's motion is untimely because although the failure to join indispensable parties cannot be waived, the court has discretion to deny untimely motions. Doré argues that the court should, in its discretion, reject Prospective's motion because Prospective could have raised this defense throughout the two years of litigation, but deliberately avoided raising it until after this court issued an unfavorable decision. Doré argues that Prospective could have raised a Rule 12(b)(7) defense in its Rule 12 Motion to Dismiss, filed in December 2005, in one of the seven briefs Prospective filed relating to its Cross-Motion for Summary Judgment, or during oral argument on summary judgment. Additionally, Doré observes that it attempted to procure information on royalty interests relating to the Lease via

---

[14] *Id.* ¶ 9.

6

interrogatory on May 19, 2006.[15]  Prospective refused to answer and directed Doré to the

Cameron Parish public records.[16]

Second, Doré argues that overriding royalty owners are not indispensable parties because

Doré sued Prospective to enforce the parties' voluntary Settlement Agreement, which released

the non-unitized parts of the Lease.  Thus, Doré argues that although the remedy is the

termination of Prospective's lease, because the court was only asked to enforce the Settlement

Agreement, the only indispensable parties are the parties to the contract–Doré, Prospective, and

Atlantic & Gulf.  Doré argues that if Prospective could not have entered into the Settlement

Agreement without consent of all of the overriding royalty interest holders, then Prospective

tricked Doré by signing the Settlement Agreement in 2002.

Third, Doré argues that it has no obligation to sue overriding royalty interest holders,

since it does not stand in privity of contract with them, and they were not parties to the mineral

lease.  Furthermore, Doré argues that Louisiana law is clear that overriding royalty owners are

not indispensable parties even when the suit is to cancel a mineral lease for breach.  *See Fontenot*

*v. Sun Oil Co.*, 243 So.2d 783 (La. 1971).  In *Fontenot*, the plaintiff sued to cancel the mineral

lease and joined several overriding royalty owners because he sought a judgment against them for

reimbursement of production revenues they had received.  *Id.* at 784.  The court held that it was

not necessary for the plaintiff to join the overriding royalty holders.  *Id.* at 786.  Doré argues that

because it does not seek a judgment against the overriding royalty owners, it is not necessary for

---

[15] Def.'s Mem. in Opposition of Mot. to Dismiss for Failure to Join Indispensable Parties, at 6 n.9.

[16] *Id.*

Doré to sue the overriding royalty owners.[17] Thus, because Doré does not plan to sue for reimbursement of lost royalty payments, Doré argues the overriding royalty owners cannot be indispensable parties.

Fourth, Doré also argues that Prospective's evidence is insufficient to prove overriding royalties. Prospective's evidence consists of an affidavit by Adam Singer, Prospective's President, that identifies persons to whom Prospective pays royalties. Doré argues that ownership of a mineral lease cannot be established by parol evidence, but instead requires a written contract. *See Scroggins, Inc. v. Emerald Exploration*, 401 So.2d 680, 684 (La. App. 3d Cir. 1981).

Lastly, Doré argues that Prospective's position on indispensable parties completely

---

[17] Doré has agreed to continue pay overriding royalty holders who are duly recorded in Cameron Parish conveyance records. To do so, Doré has included a proposed amendment to the court's September 17, 2007 ruling. Pl.'s Mem. in Opposition of Mot. to Dismiss for Failure to Join Indispensable Parties [doc. 85], at 11. Doré has also executed a top lease. Pl.'s Proffer Exhibit List [doc. 135].

Prospective argues in its Reply Memorandum that Doré cannot stipulate away the rights of indispensable parties by offering to pay their royalties. Prospective argues that Louisiana law does not permit such an assumption or novation of rights without the express consent of the obligee. LA. CIV. CODE ANN. art. 1823. Thus, Prospective argues that Doré would have to obtain the consent of the indispensable parties. Prospective also notes that because the royalty holders are not diverse, that this court has no jurisdiction to adjudicate their rights.

Doré, in its Supplemental Memorandum in Opposition to Motion to Dismiss, cites to a treatise interpreting FED. R. CIV. P. 19(b). 25 FED. PROC. § 59:116. This treatise states that a factor to consider under Rule 19 is "the extent to which, by protective provisions of the judgment, by the shaping of relief, or by other measures, prejudice to present or absent parties may be lessened or avoided." *Id.* Doré also argues that Prospective gives no logical reason why Doré cannot legally bind itself to pay the overriding royalty owners. Doré notes that when it bought the lease from Samedan Oil Corporation, Prospective assumed the obligations to pay overriding royalties without asking consent.

contradicts Prospective's earlier position in its Removal Petition,[18] which asserted complete

diversity of parties.  Moreover, when Prospective removed this suit to federal court in 2000,

Prospective never suggested that overriding royalty owners had to consent to a release.  Thus, in

addition to the aforementioned legal principles Doré cites, Doré also urges this court to consider

Prospective's position from 2000 until October 2007, which was that the parties in this suit are

completely diverse.

## ANALYSIS

Although the outcome of this court's Memorandum Ruling does ultimately result in the

cancellation of a mineral lease, at the crux of this lawsuit is the enforcement of the parties'

Settlement Agreement.  The parties voluntarily entered into a valid Settlement Agreement, which

Doré sued to enforce.  In its September 17, 2007 Memorandum Ruling, this court interpreted the

Settlement Agreement using principles of contractual interpretation, rather than the law

governing the cancellation of a mineral lease.  Accordingly, the only indispensable parties to this

litigation are the parties to the contract–Doré, Prospective, and Prospective's co-defendant,

Atlantic and Gulf Petroleum Company.  *See Harris Trust & Saving Bank*, 124 F.R.D. at 117.

Even if the royalty owners are indispensable parties, this court has the discretion to bar

Prospective's Motion to Dismiss for Failure to Join Indispensable Parties as untimely.

Prospective had ample opportunity during the two years of litigating this case to raise the issue of

indispensable parties before it received an unfavorable ruling.  Even accepting Prospective's

---

[18] As an exhibit, Doré attaches Prospective's Removal Petition, which requested removal from the 38th Judicial District to the Western District of Louisiana on November 21, 2000.  In this petition, Prospective asserted jurisdiction pursuant to 28 U.S.C. § 1332(a), stating that the parties are "completely diverse" and the amount in controversy exceeds $75,000.

position at oral argument on this motion–that it never raised the issue of indispensable parties because it never foresaw that the lease could be cancelled as to "productive" land–surely Prospective was put on notice by Doré's Motion for Summary Judgment or at oral argument on the parties' Cross-Motions for Summary Judgment on August 31, 2007. The court issued its Memorandum Ruling two weeks later, giving Prospective time to file a Motion to Dismiss for Failure to Join Indispensable Parties before receiving an unfavorable judgment. Thus, waiting until receiving an unfavorable ruling is an "offensive use" of Rule 19, and this court also denies Prospective's motion for undue delay.

Furthermore, this court also finds that Prospective acted in bad faith by failing to raise the issue of indispensable parties until after this court issued a ruling on the merits. Prospective was aware of the overriding royalty interests prior to this court's ruling on the merits, especially since by Prospective's own admission, Prospective paid $1.4 million in royalties from 2002 to 2005. Unlike in *Judwin*, where the plaintiff had access to the identities of the indispensable parties, here, Prospective and not Doré had access to the identities of the alleged indispensable parties. Prospective also refused to provide information to Doré on the royalty holders during discovery, leaving Doré unable to determine who these parties are and how they relate to the litigation. A finding of bad faith is further supported by Prospective's undue delay.

Lastly, even if the royalty owners are indispensable, Doré executed a top lease that provides for the continued payment of royalties in the event that the Henshaw Lease is cancelled.[19] Prospective bears the burden of demonstrating that the top lease, if incorporated into the judgment, fails to protect the royalty owners. *See Ferrofluidics Corp.*, 789 F. Supp. at 1208.

---

[19] Pl.'s Proffer Exhibit List [doc. 135].

10

Prospective has not demonstrated that Doré's proposed top lease fails to protect the royalty

holders' interests.  Prospective's Opposition to Doré's Proffer of Exhibit makes two points

against the proffer of Doré's top lease.[20]  First, Prospective argues that the document is nothing

more than an attempt by Doré to prematurely "claim jump" because it provides no enforceable

protection for the overriding royalty owners.  Prospective does not cite any legal principles in

asserting this argument.  From the court's own research, top leases go into effect upon the

expiration of the old lease. *See, e.g., Bares v. Stone Oil Corp.*, 510 So.2d 102, 105 (La. App. 3d

Cir. 1987).  Doré's proffered top lease, which is recorded in Cameron Parish, clearly states that it

"shall not become effective unless or until the underlying Henshaw Lease terminates and is

extinguished fully...."[21]

Second, Prospective argues that this court should not consider the top lease because Doré

acted in bad faith by waiting until the day of oral argument to enter into the agreement and failed

to provide Prospective with notice prior to oral argument.  Although Doré should have provided

opposing counsel with notice of the top lease and an opportunity to respond at oral argument, this

disadvantage was cured by the court deferring its ruling until Prospective submitted a

supplemental memorandum on the top lease.  Thus, even if the royalty interest holders are

indispensable parties to a lawsuit enforcing a Settlement Agreement, this court finds that

Prospective has not met its burden of proving that Doré's proffered top lease fails to protect the

overriding interest holders.

Because the disposition of this issue may materially advance the ultimate termination of

---

[20] [doc. 148].

[21] Pl.'s Proffer Exhibit List [doc. 135].

the litigation, this court also certifies the Order on Prospective's Motion to Dismiss for Failure to

Join Indispensable Parties for immediate appeal to the Fifth Circuit, pursuant to 28 U.S.C. §

1292(b); accordingly,

IT IS ORDERED that Prospective's Motion to Dismiss for Failure to Join Indispensable

Parties is hereby DENIED;

IT IS FURTHER ORDERED that the Order on Prospective's Motion to Dismiss for

Failure to Join Indispensable Parties is hereby certified for immediate appeal to the Fifth Circuit,

pursuant to 28 U.S.C. § 1292(b);

IT IS FURTHER ORDERED that the Order on the parties' Cross-Motions for Summary

Judgment, [doc. 72] is also hereby certified for immediate appeal to the Fifth Circuit, pursuant to

28 U.S.C. § 1292(b).

Lake Charles, Louisiana, this ___2___ day of ____January___ 2008

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE